# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

IN RE:  CIVIL ACTION

CAJUN ELECTRIC POWER
COOPERATIVE, INC., DEBTOR

DIXIE ELECTRIC MEMBERSHIP CORP., ET AL

VERSUS

SOUTHWESTERN ELECTRIC POWER COMPANY  NO. 06-236-JJB

## RULING ON BANKRUPTCY APPEAL

This matter is before the court on an appeal from the United States Bankruptcy Court for the Middle District of Louisiana. Appellant, Southwestern Electric Power Company ("SWEPCO"), filed its Notice of Appeal on March 24, 2006, and subsequently filed a memorandum in support. Appellees, Dixie Electric Membership Corporation; Jefferson Davis Electric Cooperative, Inc.; Northeast Louisiana Power Cooperative, Inc.; South Louisiana Electric Cooperative Association; Valley Electric Membership Corporation; Washington-St. Tammany Electric Cooperative, Inc., and Beauregard Electric Cooperative, Inc., (referred to as "CCM" or "Committee of Certain Members") filed a Response Memorandum. SWEPCO has filed a reply brief.

In this adversary bankruptcy proceeding, SWEPCO appeals the bankruptcy court's decision, finding that the Cost Term Sheet was a legally binding document

USBC

between the parties whereby SWEPCO agreed to reimburse certain costs to the CCM; finding that SWEPCO failed to establish that the parties agreed to modify the Cost Term Sheet; and finding that no judgment or order specifically vacates or modifies the Cost Term Sheet. The bankruptcy court also found that there was no meeting of minds between the parties as to a modification of the Cost Term Sheet. The bankruptcy court further found that the doctrine of judicial estoppel did not apply to the facts of this case and also rejected SWEPCO's counterclaim for reimbursement of $1 million from CCM pursuant to the Revised Supplemental Disclosure Statement. The bankruptcy court entered summary judgment in favor of CCM and against SWEPCO in the amount of Two Million, Six Hundred Ten Thousand, Seven Hundred Seventy-eight and 63/100 ($2,610,778.63), together with legal interest thereon from the date of judicial demand until paid.

When a district court reviews a bankruptcy court's decision, it functions as an appellate court and utilizes the same standard of review generally applied by a federal court of appeals.[1] This court reviews the bankruptcy court's decision under the same standards used by the district court: conclusions of law and mixed law and fact questions are reviewed **de novo**, while findings of fact are reviewed for clear error.[2] A finding is clearly erroneous and reversible only if, based on the entire

---

[1] **In re Webb**, 954 F.2d 1102, 1103-04 (5th Cir. 1992).

[2] See **Plunk v. Yaquinto (In re Plunk)**, 481 F.3d 302, 305 (5th Cir. 2007); **In re Stonebridge Techs., Inc.**, 430 F.3d 260, 265 (5th Cir. 2005).

evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been made."[3]

After reviewing the record, the applicable law, and considering the briefs of the parties, the court agrees with the findings of the bankruptcy court. The court, therefore, affirms the January 31, 2006 judgment for essentially the reasons stated in the Bankruptcy Court's Reasons for Decision dated October 25, 2005; Reasons for Decision on Motion for Reconsideration dated May 3, 2004; and Reasons for Decision dated June 16, 2003.

Baton Rouge, Louisiana, this 23rd day of September, 2011.

JAMES J. BRADY, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] **In re Allison**, 960 F.2d 481, 483 (5th Cir. 1992).